FARBER *v.* CITIZENS COMMERCIAL & SAVINGS BANK.

1. CONFUSION OF GOODS—BAILMENTS—CONVERSION.

   Contention that defendants were liable only for gross negligence as to plaintiff's property, somewhat intermingled with other property defendant bank had purchased at receiver's sale and possession of which bank had transferred to other defendants under an option to purchase, and that they were not guilty of actionable negligence as they were gratuitous bailees and that court was in error in failing to submit such matter to jury *held,* without merit since liability as bailees is not involved in action where sole issue is one of an alleged unlawful conversion.

2. SAME—CONVERSION—QUESTIONS FOR JURY—DETENTION—PARTIES.

   In action for conversion of machines and materials, used in making screw machine products, tools and dies, by one having title thereto against bank and others in possession thereof who

had purchased at a receiver's sale property with which plaintiff's property was somewhat intermingled, evidence *held*, sufficient to carry questions of unlawful detention of plaintiff's property and participation therein by each defendant to jury.

Appeal from Genesee; Black (Edward D.), J. Submitted April 15, 1937. (Docket No. 94, Calendar No. 39,406.) Decided June 7, 1937.

Case by Edward E. Farber against Citizens Commercial & Savings Bank, a Michigan corporation, James W. Overton and William S. Hargott, individually and doing business as Overton Manufacturing Company, for alleged conversion of property. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Roger J. Vaughn,* for plaintiff.

*Homer J. McBride* and *Guy W. Selby,* for defendants.

NORTH, J. Plaintiff, claiming that defendants unlawfully appropriated or destroyed certain personal property belonging to him, brought this suit to recover for damages sustained. Defendants denied the alleged conversion, claiming they had not unlawfully possessed or detained plaintiff's property. On trial by jury defendants were found guilty, damages were assessed at $6,000, and judgment was entered accordingly. Defendants have appealed.

Facts and circumstances out of which related litigation has arisen between these parties will be found in the following cases: *In re Petition of Farber,* 260 Mich. 652, and *Citizens Commercial & Savings Bank v. Farber, ante,* 257.

Through a receiver's sale the Citizens Commercial & Savings Bank in August, 1933, became pos-

sessed of both real and personal property which formerly belonged to the J. E. Farber Company, a Michigan corporation, and at the same time the bank took possession of certain other personal property to which plaintiff subsequently acquired title. This property was more or less intermingled with that purchased by the bank from the receiver. It consisted of machines, tools, dies, and materials used in the business formerly conducted by plaintiff and his brother, John E. Farber. The other defendants under an option to purchase from the bank took over the property which it had purchased from the receiver. There is direct conflict in the testimony. Plaintiff claims defendants refused him the right to take his property. Defendants assert they afforded him every reasonable opportunity to remove his property, that they are in no way responsible for its disappearance or destruction, and that whatever loss plaintiff sustained was due to his own negligence in not caring for his property. This was the issue presented by the pleadings, and likewise the issue submitted to the jury.

Appellants contend there was error in that the trial court did not submit to the jury the question as to whether defendants were gratuitous bailees of the property involved and, therefore, liable only for gross negligence, and they also contend that there was no evidence of negligence on the part of defendants relating to the property involved which could render them liable as bailees. There is no merit in this phase of the appeal because the question of defendants' liability as bailees is not involved in this suit. The issue is solely one of an alleged unlawful conversion.

The further contention that the court should have directed a verdict in favor of the Citizens Commer-

cial & Savings Bank is not tenable. There is testimony that this bank, acting through its agents and employees, refused plaintiff the right to take possession of the property and instead turned possession of it over to the other defendants. It also appears that the bank continued as a party in interest, the other defendants being in possession of the property only by reason of the option given by the bank to the other defendants. There is testimony tending to show this condition continued during the period in which the conversion occurred. Further the bank produced its assistant cashier as a witness and on direct examination he testified that on March 20, 1934, by reason of a mortgage foreclosure, title to the real estate occupied by defendants vested in a third party, and that for some time thereafter the bank paid rent to the title holder. This was after the conversion was alleged to have taken place. Under this record it cannot be said there is no testimony tending to show that the bank was a party to the conversion; and the trial court properly denied the motion for a directed verdict.

No other questions meriting discussion are presented. The judgment entered in the circuit court is affirmed. Costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.